IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-CR-49-MHT-JTA |
| | ) | |
| WILLIAM L. HOLLADAY, III, et al. | ) | |

**MOTION FOR A PROTECTIVE ORDER**

Comes now the United States of America, by and through Louis V. Franklin, Sr., United States Attorney for the Middle District of Alabama, and files this motion for a protective order.

**I. GROUNDS FOR PROTECTIVE ORDER**

Rule 16(d)(1) permits the Court to enter a protective order "for good cause." Fed. R. Crim. P. 16(d)(1). The government provides the following grounds as "good cause" for the entering of a protective order in this case.

First, the discovery materials contain extensive educational records of third-party minors. Such educational records include, but are not limited to: class schedules, instructors, grades in specific classes, standardized test scores, and attendance records. These records come from multiple public school districts within Alabama, the Alabama State Department of Education, various non-public schools within Alabama, and standardized testing companies. Some of these records are subject to protection from disclosure pursuant to 20 U.S.C. § 1232g(b). Redaction of these records is not feasible because, given the nature of the charges, the defendants will likely need unredacted copies of the records to investigate the specific charges at issue in the case. This is so because many of the charges involve allegations related to the education of individual students.

Second, the discovery materials contain personal identifying information (including Social Security numbers, dates of birth, telephone numbers, home addresses, and other types of

information) of third-party minors and their parents. Such personal identifying information can be found in the educational records as well as in other documents. Redaction of this personal identifying information is not feasible, as the defendants may need this information to investigate the charges. Specifically, the indictment charges some of the defendants with unlawfully using personal identifying information of third parties to perpetuate a scheme to commit wire fraud, in violation of 18 U.S.C. § 1028A. Given the nature of the charges, the defendants need access to the personal identifying information to investigate whether they did use such information as alleged in the indictment.

Third, the discovery materials contain financial information—including federal income tax returns and financial account records—of the defendants, individual witnesses, and various institutions (namely, the Athens City School District) related to the case.[1] Redaction of these materials is not feasible as: (1) in some instances, there is no way to redact electronic records without corrupting the files; and (2) many of the transactions at issue in the indictment involved these third-party accounts, thus meaning that the defendants will need access to these third-party accounts in order to adequately investigate the charges.

Fourth, the discovery materials contain informal opinions issued by the Alabama Ethics Commission. The state of Alabama has declared that "[a]ll requests for informal opinions and the opinions themselves are confidential and will not be disclosed unless authorized by the individual or entity requesting the opinion." Ala. Admin. Code § 340-X-1.04(3). The government obtained these records by issuing a federal grand jury subpoena to the Alabama

---

[1] As for the tax information, the government obtained ex parte orders authorizing the disclosure of federal and state tax return information for the following defendants: Trey Holladay, Deborah Holladay, Tutt, Sisk, and Carter. See 26 U.S.C. § 6103(i). The government recognizes that the tax return information of one defendant may be discoverable to another defendant under one of the relevant discovery rules and principles. Accordingly, the government intends to disclose the tax return information of all defendants to all other defendants. See 26 C.F.R. § 301.6103(i)-1.

Ethics Commission. To the government's knowledge, the individuals or entities requesting the informal opinions have not consented to the disclosure. Although the above-quoted provision is not binding on this Court, as a matter of comity, the government is reluctant to disclose to the defendants documents deemed confidential under state law absent a protective order.

Finally, it is worth noting that the contents of the discovery materials will be voluminous. Even if the above-noted concerns with redactions were not present, it is unlikely, given the volume of the materials, that the government could produce the materials without inadvertently failing to redact some sensitive materials.

## II. CONTENTS OF PROPOSED ORDER

To ensure that the sensitive materials discussed above are not disclosed unnecessarily, the government asks that the Court enter a protective order containing the following requirements.

First, a requirement that the defendants be prohibited from disclosing any of the discovery materials provided to them in this case except to the following persons: (1) any retained or court-appointed defense attorney of the defendant receiving the discovery materials who has made an appearance in the case; (2) any employee or independent contractor of any attorney representing the defendant, including a partner, associate, paralegal, administrative assistant, or investigator; (3) any expert witness retained to provide an opinion on any matter at issue in the case; and (4) any other person to whom the defense attorney (or defendant if proceeding pro se) determines in good faith that disclosure is essential for the adequate preparation of the defense.

Second, a requirement that the defense attorney (or defendant if proceeding pro se) and any other person to whom the defense attorney (or defendant if proceeding pro se) grants access

to the discovery materials store and maintain the discovery materials in such a way that prevents inadvertent disclosure to third parties.

Third, a requirement that, should any defense attorney (or defendant if proceeding pro se) seek to—(1) attach any material provided in the discovery production to any publicly available court filing; or (2) introduce or otherwise use any material provided in the discovery production in any public court proceeding—then that defense attorney (or defendant) must first redact the identity of the person to whom the material pertains and all non-pertinent, sensitive information from the material.

Fourth, a requirement that, at the conclusion of the case, each defense attorney (or defendant if proceeding pro se) who received discovery materials from the government must return to the government or destroy such discovery materials. Further, a requirement that any defense attorney (or defendant) who has disclosed discovery materials to another in the course of preparing a defense shall affirmatively ensure that any recipient of discovery materials return to the government or destroy discovery materials. Finally, a requirement that, at the end of the case, any person who receives discovery materials in this case, whether directly or indirectly from the government, shall certify in writing to the Office of the United States Attorney for the Middle District of Alabama that all discovery materials have been destroyed or returned.

### III. CONCLUSION

Based on the foregoing, the government asks that the Court enter the requested protective order. The defendants' positions on this motion are unknown.

Respectfully submitted this 23rd day of February, 2021.

        LOUIS V. FRANKLIN, SR.
        UNITED STATES ATTORNEY

        /s/ Jonathan S. Ross
        Jonathan S. Ross
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        Phone: (334) 223-7280
        Fax: (334) 223-7135
        E-mail: jonathan.ross@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.  2:21-CR-49-MHT-JTA |
| ) | |
| WILLIAM L. HOLLADAY, III, et al. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jonathan.ross@usdoj.gov

6