IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cr-49-MHT-JTA |
| | ) | |
| WILLIAM LEE HOLLADAY, III | ) | |
| DEBORAH IRBY HOLLADAY | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |
| GREGORY EARL CORKREN | ) | |
| DAVID WEBB TUTT | ) | |
| THOMAS MICHAEL SISK | ) | |

## PROTECTIVE ORDER FOR DISCOVERY MATERIALS

Upon consideration of the government's motion for a protective order for discovery materials (Doc. No. 10), the responses filed by the defendants stating no opposition to the same (Docs. No. 51, 54, 56, 58, 63, 66), and as the motion establishes good cause for the issuance of a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, it is

ORDERED that the motion is GRANTED as follows, and all defendants and defense attorneys must comply with the below-stated terms in their handling of any materials provided by the government in the course of this case:

First, all defendants and defense attorneys are prohibited from disclosing any of the discovery materials provided to them in this case except to the following persons: (1) the defendant receiving the materials; (2) any retained or court-appointed defense attorney of the defendant receiving the discovery materials who has made an appearance in the case; (3) any employee or independent contractor of any attorney representing the defendant,

including a partner, associate, paralegal, administrative assistant, or investigator; (4) any

expert witness retained to provide an opinion on any matter at issue in the case; and (5) any

other person to whom the defendant or defense attorney determines in good faith that

disclosure is essential for the adequate preparation of the defense.

Second, the defense attorney (or defendant if proceeding pro se) and any other

person to whom the defense attorney (or defendant if proceeding pro se) grants access to

the discovery materials shall store and maintain the discovery materials in such a way that

prevents inadvertent disclosure to third parties.

Third, should any defense attorney (or defendant if proceeding pro se) seek to—

(1) attach any material provided in the discovery production to any publicly available court

filing; or (2)  introduce or otherwise use any material provided in the discovery production

in any  public court proceeding—then that defense attorney (or defendant) shall first redact

the identity of the person to whom the material pertains and all non-pertinent, sensitive

information from the material.

Fourth, at the conclusion of the case, each defense attorney (or defendant if

proceeding pro se) who received discovery materials from the government must return to

the government or destroy such discovery materials.  Further, any defense attorney (or

defendant) who has disclosed discovery materials to another in the course of preparing a

defense shall affirmatively ensure that any recipient of discovery materials return to the

government or destroy discovery materials.  Finally, at the end of the case, any person who

received discovery materials in this case, whether directly or indirectly from the

government, shall certify in writing to the Office of the United States Attorney for the

Middle District of Alabama that all discovery materials have been destroyed or returned.

DONE this 4th day of March, 2021.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE