IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 2:21-cr-49-MHT-JTA |
| ) | |
| WILLIAM LEE HOLLADAY, III, et al. ) | |

**PROTECTIVE ORDER**

Upon consideration of the Joint Motion for Entry of Protective Order for Disclosure of Documents and Testimony Without Waiver of Attorney-Client Privilege Pursuant to Rule 502(d) of the Federal Rules of Evidence (Doc. No. 159) filed on September 9, 2021, and for good cause, it is

ORDERED that the motion is GRANTED.

Pursuant to Federal Rule of Civil Procedure 17 and Federal Rule of Evidence 502(d), it is further ORDERED as follows:

1.   As used in this Order, "Privileged Information" is defined as (a) all documents in the possession of E. Shane Black ("Black"), the Attorney for the Athens City Board of Education (the "Board"), if any, that are produced in response to the Subpoena that the Board contends are protected by the attorney-client privilege (referred to herein as the "Privileged Documents"), and (b) all Black's statements and testimony relating to the twenty-one subjects identified in the Subpoena, if any, within the time span of July 1, 2015 through December 31, 2018, that the Board contends are protected by the attorney-client privilege (referred to herein as the "Privileged Testimony").

2. The Board is the sole and exclusive holder of the privilege with respect to the Privileged Information, and as such, may authorize the disclosure of the Privilege Information, and Black may disclose it, to the extent and in the manner set forth herein.

3. In response to the Subpoena, Black shall produce the Privileged Documents to the Government, and provide the Privileged Testimony in this federal case, for use (as defined below) pursuant to this Order. In connection therewith, Black may also produce and discuss the Privileged Information with the Government prior to the trial of this case. As such, the Privileged Information may be disclosed to and used by (as defined below) the defendants and their legal counsel in this case, whether by receiving the Privileged Information from the Government and its disclosures, through observing it at trial, or eliciting it through cross-examination.

4. The "Use" of the Privileged Information by any party or its counsel in this case shall include:

> (a) the disclosure of such Privileged information to (i) the Government; (ii) counsel for other parties in this matter; and/or (iii) the Court, in connection with this federal case; and
> (b) the use of the Privileged Information in the proceedings and trial of this federal case, to include:
>> (i) the admission into evidence of such Privileged Information at trial in the Government's or any defendants' case-in-chief; and
>> (ii) the use of such Privileged information by the Government or any of the defendants for any other purpose at trial of this federal case, such as cross-examination or any presentation to the Court.

Any use of the Privileged Information by the Government or any other defendant shall be done in a way that protects the confidentiality of the Privileged Information, such as ensuring that any third parties assisting them in this matter who come into possession of

the Privileged Information are aware of, and abide by, this Order, and by filing under seal any Privileged Information used in any court filing.

5.  This Order is, and shall be construed as, an Order under Rule 502(d) of the *Federal Rules of Evidence* ordering that privilege or protection is not waived by disclosure connected with the litigation pending before this Court. Accordingly, as is explicitly set forth in Rule 502(d), Black's disclosure of Privileged Information pursuant to this Order, and any use of any or all of the Privileged Information in this criminal case, shall not constitute a waiver of any privilege or protection held by the Board, whether in this proceeding or in any other federal or state proceeding, whatsoever. (The terms of this Order shall be the sole basis for judging whether the privilege relating to the Privileged Information is waived by disclosure. As such, with respect to the disclosure and use of the Privileged Information, this Order does not incorporate the standards of Rule 502(a) and Rule 502(b) of the *Federal Rules of Evidence*, which would otherwise apply to the disclosure of the Privileged Information absent the Order.)

6.  Without limiting the foregoing, the existence of this Order shall not: (a) impair, impede or have any impact on the Board's legal right to assert privilege claims in this, or any other federal or state, proceeding whatsoever, (b) constitute, cause, produce, bring about or bring into being any waiver, or (c) be used, in this case or any other federal or state proceeding, to argue that any waiver has occurred by virtue of the production, provision, or use of the Privileged Information.

7.  Black and the Board shall designate Privileged Documents produced under this Order by marking on the documents substantially with the following words:

"CONFIDENTIAL – FOR USE ONLY IN *UNITED STATES v. HOLLADAY, ET AL*. NO. 21- CR-00049-MHT-JTA (M.D. ALA.) SUBJECT TO PROTECTIVE ORDER AND NON-WAIVER ORDER UNDER F.R.E. 502(d)."

8. Without limiting the uses authorized by this Order, in recognition of the protection of the attorney client privilege in furtherance of this Order, any Privileged Documents presented to the Court shall be filed under seal, and any portion of any proceeding or trial in this case relating to the Privileged Testimony shall be sealed. Moreover, counsel of record shall keep all Privileged Documents or notes, records, or transcripts of the Privileged Testimony produced or provided by Black in accordance with this Order within their exclusive possession and control. Counsel of record shall maintain the confidentiality of such materials and information and shall not permit unauthorized dissemination of such materials to any person or entity other than in accordance with the uses authorized by this Order. Counsel of record may use the Privileged Information in this litigation to the extent permitted by this Order but are prohibited from using them in any other litigation whatsoever.

9. Nothing in this Order shall be interpreted as precluding Black and the Board from determining and informing the parties in this litigation that Black and the Board have concluded that a particular document or documents, or particular information, among the Privileged Information are not protected by attorney-client privilege. This Order shall be deemed not to apply to the particular document or documents, or the particular information, so identified by Black and the Board.

10. Nothing in this Order shall be interpreted as having any impact on the admissibility or inadmissibility of any of the Privileged Information in any trial in the above-captioned matter.

11. This Order, and the import in any other proceeding, investigation, or litigation of Black's production and disclosure of the Privileged Information pursuant to this Order, shall be determined under federal law as interpreted by the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit.

DONE this 13th day of September, 2021.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE