IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CR. NO. 2:21-CR-49-MHT-JTA-6 |
| | § | |
| THOMAS MICHAEL SISK | § | |

**MOTION FOR DOWNWARD DEPARTURE OR VARIANCE**

Comes now the Defendant, Thomas Michael Sisk, by and through undersigned counsel, and respectfully moves this Honorable Court grant a downward departure under the United States Sentencing Guidelines, a variance based on the statutory factors set out under 18 U.S.C § 3553(a), or both, and impose a sentence of probation with reasonable conditions. In support of this motion, Mr. Sisk presents the following:

1. Mr. Sisk is scheduled to appear before this Honorable Court on the 28th day of June, 2022 for sentencing on one count of Conspiracy in violation of 18 U.S.C § 371.

2. The guideline for a violation of 18 U.S.C. § 371 is USSG § 2X1.1. Under § 2X1.1, the base offense level can be found from the guideline for the substantive offense; in this case, pursuant to § 2B1.1. § 2B1.1 advises a base offense level of 7.

3. The current position of the U.S. Sentencing Commission is that alternatives to imprisonment are generally appropriate sentences for first time, non-violent offenders.

4. Mr. Sisk moves for a downward departure based on the following:

   a. § 5K1.1 provides that a defendant's assistance to authorities in the investigation of criminal activities has long been recognized, in practice and by statute, as a mitigating sentencing factor. Mr. Sisk has displayed extensive assistance to the United States in the application of justice in this matter through the information he proffered to investigators; additionally, the information provided was shown to be truthful, complete and reliable.

   b. Mr. Sisk has manifested acceptance of responsibility for his conduct by assisting the United States to allocate resources effectively both while investigating this matter and helping the United States avoid having to prepare for a trial.

   c. Mr. Sisk cooperated with the United States in the prosecution of the co-defendants in this same matter.

   d. Mr. Sisk played a small role in the conspiracy that was a violation of 18 U.S.C § 371, and his involvement was the briefest compared to the involvement of the co-defendants.

   e. Mr. Sisk did not play a role in the development of the conspiracy to violate 18 U.S.C. § 371.

   f. The intended loss substantially overstates the actual loss in this matter.

   g. Mr. Sisk was responsible for only part of the intended loss.

   h. Mr. Sisk has expressed great remorse for his violation of the law.

5. Pursuant to 18 U.S.C. § 3553(a), Mr. Sisk asks this Honorable Court to consider the following:

   a. Mr. Sisk has no criminal record. The risk of Mr. Sisk committing another violation of the law is extremely low.

   b. Mr. Sisk's violation did not involve elements of physical violence or elements of trafficking or distributing either controlled substances or weapons.

   c. Mr. Sisk has been continuously employed, before and after his conviction in this matter.

   d. Mr. Sisk suffers from health issues stemming from a heart attack 5 years ago and requires regular supervision from his healthcare provider.

   e. The public humiliation and felony conviction are enough to prevent any further violations of the law on behalf of Mr. Sisk, and the public are not in danger from further violations of the law from Mr. Sisk.

   f. Due to the widespread press coverage associated with Mr. Sisk's violation of the law, general deterrence of violations of 18 U.S.C. § 371 has been achieved.

Mr. Sisk recognizes that that some of his points in the above motion may appear redundant. However, since the distinction between a downward departure and variance is not precise, Mr. Sisk asks this Honorable Court to consider these issues individually and cumulatively.

Wherefore, Mr. Sisk respectfully moves this Honorable Court grant his motion for downward departure, variance, or both, and sentence him to probation with reasonable conditions.

Respectfully submitted this the 23rd day of June, 2022.

*/s./ Russell W. Crumbley*
**Russel W. Crumbley (CRU013)**
*Attorney for Defendant Thomas Sisk*
CRUMBLEY-BLACKWELL & ASSOCIATES, P.C.
2304 Memorial Parkway, SW
Huntsville, AL 35801
o: (256) 539-4464
crumbleylaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CR. NO. 2:21-CR-49-MHT-JTA-6 |
| THOMAS MICHAEL SISK | § | |

## **CERTIFICATE OF SERVICE**

     This is to certify that I have this day, June 23, 2022, served the counsel for the opposing party in the foregoing matter with a copy of this pleading by e-service or by email.

<u>/s/ Russell W. Crumbley</u>
**Russel W. Crumbley (CRU013)**
*Attorney for Defendant Thomas Sisk*
CRUMBLEY-BLACKWELL & ASSOCIATES, P.C.
2304 Memorial Parkway, SW
Huntsville, AL 35801
o: (256) 539-4464
crumbleylaw@gmail.com
